MEMORANDUM ***
The government appeals the district court’s grant of Andrew Meek’s motion to suppress images obtained from his computer. We have jurisdiction pursuant to 18 U.S.C. § 8731. Under this court’s recent en banc decision in United States v. Gourde, 440 F.3d 1065 (9th Cir.2006) (en banc), we reverse the decision of the district court and remand for further proceedings.
In Gourde, the FBI executed a search warrant after it obtained evidence from a credit card processing company that the email address of a known subscriber to a pornographic website and the corresponding home address were those of Gourde. Id. at 1067-68. The supporting affidavit contained extensive background information on computers and the use of computers in child-pornography activities, identified the steps Gourde took to join the website, and stated that (1) the website offered both legal and illegal images of young gilds engaged in suggestive and sexually explicit conduct; (2) Gourde remained a member for over two months but could have cancelled at anytime; (3) Gourde had access to hundreds of images; and (4) each time Gourd entered the site, he must have seen a caption advertising 12 to 17 year-old girls. Id. at 1068. The affidavit did not, however, allege that Gourde had actually downloaded any illegal images. In an en bane decision, we affirmed the district court’s “common sense” approach to the denial of Gourde’s motion to suppress. Id. at 1069 (internal quotation marks omitted). In so doing, we relied upon a “totality-of-the-circumstances analysis” to conclude that “the affidavit contained sufficient facts to support the magistrate judge’s finding that there was a ‘fair probability’ that Gourde’s computer contained evidence that he violated 18 U.S.C. §§ 2252 or 2252A.” Id. at 1071-72.
The affidavit in Meek’s case similarly (1) provided detailed information concerning website and internet operations; (2) confirmed that the sites Meek had visited *578 contained illegal child pornography; (3) discussed common characteristics of individuals who receive and collect child pornography; and (4) showed that the email address of a subscriber to several members-only websites, and the corresponding street address and credit card information, belonged to Meek. Also as in Gourde, the affidavit did not allege that Meek had actually downloaded any images.
We agree with the district court that the affidavit on which the district court relied in Meek’s case is indistinguishable from the affidavit in Gourde. Now that the en banc court has reversed the panel decision in Gourde, we must reverse the decision of the district court.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.